# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-40691
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
June 10, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Simon Ricarte Balderas, Jr.,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:06-CR-27-1

_____

Before Willett, Duncan, and Ramirez, *Circuit Judges*.

Per Curiam:*

Simon Ricarte Balderas, Jr., federal prisoner # 12840-078, appeals the district court's denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release.  He contends that the district court erred in concluding that the nonretroactive amendments to 18 U.S.C. § 924(c) did not constitute extraordinary and compelling reasons warranting release,

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

given the 2023 amendments to U.S.S.G. § 1B1.13(b)(6), p.s., and given that his sentence would be substantially shorter if it had been imposed after the First Step Act. Balderas also argues that the district court failed to consider or inadequately considered the 18 U.S.C. § 3553(a) factors. In addition, Balderas appears to be asserting that the district court's reasons for denying relief are insufficient, as the court incorrectly concluded that he failed to establish extraordinary and compelling reasons for release and cited to only one of the § 3553(a) factors.

We review for abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020). The district court conducted an independent review of the § 3553(a) factors and concluded that Balderas was not entitled to relief. Balderas's disagreement with the balancing of those factors is insufficient to show an abuse of discretion. *See id.* at 694. Moreover, although the court's § 3553(a) analysis was brief, it shows that the district court "relied upon the record, while making clear that [the court] considered the parties' arguments and [took] account of the § 3553(a) factors." *Chavez-Meza v. United States*, 585 U.S. 109, 116 (2018). Accordingly, the reasons provided are sufficient.

Because the district court's independent consideration of the § 3553(a) factors provides a sufficient basis for affirmance, we need not consider whether the district court erred in determining that Balderas failed to show extraordinary and compelling reasons warranting relief. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022). The order of the district court is AFFIRMED.